**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>) | |
| **v.** )<br>) | **Case No. 3:25-cr-00052-MGL** |
| )<br>**DERRICK GATHERS** )<br>) | |

## <u>UNITED STATES' SENTENCING MEMORADUM</u>

Derrick Gather's has an advisory guideline range of 180 months to run concurrent to his current state sentence. Pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 320 (2005), the government submits, *inter alia*, that the defendant's violent conduct and criminal history warrant a sentence outside of the advisory guideline range, and the Court should sentence the defendant to 180 months, consecutive to his state sentence.

## FACTUAL BACKGROUND

On April 16, 2023 at 3:23am, Lance Corporal Fraizer of the S.C. Highway Patrol (LCpl. Frazier) conducted a traffic stop on the defendant, Derrick Gathers, because the defendant was driving 90mph on Highway 78 just outside of Denmark, S.C where the posted speed limit is 55mph. LCpl. Frazier approached the passenger's side of the vehicle, and his body worn camera captured the defendant driving the vehicle with a female in the front passenger's seat. The defendant provided LCpl. Frazier with a driver's license, and when LCpl Frazier took the driver's license back to his patrol vehicle, he realized the license appeared to be fraudulent.[1]

---

[1] A view of the driver's license from LCpl. Frazier's body worn camera shows the driver's license did not belong to the defendant.

During the traffic stop, Sgt. Duckson of the Bamberg County Sheriff's Office arrived as back up.

When LCpl. Frazier concluded the records checks and paperwork in his patrol vehicle, he approached the vehicle on the driver's side to get a look at the defendant and confirm his identity against the picture on the driver's license. When LCpl. Frazier arrived at the driver's side window, the defendant presented a handgun, shot LCPl. Frazier in the face, and sped away. Sgt. Duckson and LCpl. Frazier returned fire at the defendant's vehicle and radioed the incident to surrounding agencies along with a description of the vehicle. Sgt. Duckson also requested an immediate EMS response for LCpl. Frazier. Fortunately, LCpl. Frazier did not have life-threatening injuries.

Surrounding law enforcement officers, including members of the South Carolina Highway Patrol, Bamberg Police Department, and Bamberg County Sheriff's Office, found the defendant speeding down Highway 78 and pursued his vehicle. Despite the shooting incident and the presence of the passenger, the defendant continued to drive at high rates of speed down Highway 78 for over 11 minutes and a distance of approximately 18 miles before he crashed the vehicle causing it to flip multiple times and come to a rest in the front yard of a residence in Branchville, S.C.

The Dorchester County Sheriff's Department assisted with the crash investigation and found the firearm the defendant used to shoot LCpl. Frazier on the driver's side of the vehicle. The firearm had been reported stolen out of Georgia. The defendant has been convicted in South Carolina State Court of attempted murder, possession of a weapon during a violent crime, and failure to stop for a blue light for his conduct related to this incident and has been sentenced to 38 years.

Prior to this incident, the defendant had been convicted of several felonies prohibiting him from possessing a firearm under federal law including rape, 3rd Degree (2005, New York), criminal sale of a controlled substance, 5th degree (2005, New York), tampering with physical evidence (2006, New York), and criminal possession of a weapon, 2nd Degree (2010, New York).

The defendant's offense level is 42 and his criminal history score is IV. Therefore, his guideline range per the sentencing table is 360 months to life imprisonment. However, because the statutory maximum penalty for a violation of 18 U.S.C. § 922(g)(1) is 180 months, the advisory guideline range is 180 months concurrent to his current state sentence. Despite this advisory guideline range, the government requests the court consider the factors listed in 18 U.S.C. § 3553(a) and impose a consecutive 180-month sentence.

**DETERMINING THE SENTENCE TO BE IMPOSED**

Under 18 U.S.C. § 3553(a)(2), the district court must impose a sentence "sufficient, but not greater than necessary, to comply" with the four purposes of sentencing—just punishment, adequate deterrence, protection of the public, and rehabilitation through training or treatment. 18 U.S.C. § 3553(a)(2). To achieve that purpose, a district court must weigh the factors listed in § 3553(a)(1) through (a)(7). *Rita v. United States*, 551 U.S. 338, 347-48 (2007). Those factors are as follows:

- The nature and circumstances of the offense and the history and characteristics of the defendant;

- The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;

- The need for the sentence imposed to afford adequate deterrence to criminal conduct;

- The need for the sentence imposed to protect the public from further crimes of the defendant;

- The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

- The kinds of sentences available;

- The kinds of sentence and the sentencing range established for the offense pursuant to the sentencing guidelines;

- Any pertinent policy statements issued by the Sentencing Commission;

- The need for the sentence imposed to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

- The need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a)

The sentencing court must then impose a sentence that is sufficient, but not greater than necessary, to achieve the statutory purposes of sentencing. While some defendants argue a certain provision is the most important factor to be considered by sentencing courts, the Supreme Court has indicated that none of the factors listed in § 3553(a) should be elevated above the others. *Pepper v. United States*, 562 U.S. 476 (2011). Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the sentencing court mustfirst calculate the advisory guidelines range and then consider the factors set forth in §3553(a). In making this determination, this Court should consider whether a sentence within the guidelines range, above the guidelines range, or below the guidelines range is necessary to achieve the statutory purposes of sentencing. See generally *United States v. Diosdao-Star*, 630 F. 3d 359 (4th Cir. 2011). Here, for the reasons

below, the Government respectfully submits the § 3553(a) factors support a sentence of 180 months consecutive to the defendant's current state charges.

## ANALYSIS

The Defendant's conduct was wanton and violent. He shot a law enforcement officer in the face at point blank range and then endangered himself, his passenger, and others on the road by fleeing from law enforcement at high speeds. Although his more egregious conduct overshadows the fact that he presented fraudulent identification to law enforcement and possessed a stolen firearm, the court should consider that conduct as well. In sum, the defendant's conduct represented willful engagement in criminal conduct even before his attempt to murder a police officer.

Prior to shooting the victim, the defendant's previous criminal conduct showed significant violations of the law, some of which were represented in this case. A jury in Broome County, New York found the defendant guilty of rape in third degree and he was sentenced to 2-4 years of imprisonment on February 15, 2006. He was released on May 22, 2009. Additionally, he has a prior conviction from criminal impersonation in the 2nd degree and two prior convictions for illegal weapons possession all out of New York.

For his most recent criminal possession of a weapon conviction, the defendant received 8 years in prison followed by 8 years of supervision on May 13, 2011. In 2018, his supervision was revoked and he was sentenced to 15 months. He was released from prison on February 13, 2020 and his supervision expired on September 13, 2021.

A complete look at the defendant's criminal history shows constant pattern of felonious firearm possession and other criminal activity when he is not incarcerated. In some instances, the

defendant has engaged in dangerous criminal activity only months after his release from incarceration. See PSR ¶¶ 27-32. The nature and circumstances of the offense and the history and characteristics of the defendant warrant a consecutive sentence. *See* 18 U.S.C. § 3553(a)(1).

The defendant's conduct constituted an act of unnecessary deadly violence. He was not subject to a tense interaction with law enforcement. He was the subject of a routine traffic stop on a highway in a small town and decided to turn that instance into a potentially deadly situation for the victim, himself, his passenger, and others on the road. A consecutive sentence is necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter similar criminal conduct, and protect the public from future crimes of the defendant who apparently attempted to kill a police officer to avoid the inconvenience of an arrest for driving without a license. *See* 18 U.S.C. § 3553(a)(2).

**CONCLUSION**

The defendant's guideline range has been appropriately calculated. However, the Court must determine whether the advisory guideline range appropriately serve the factors listed in 18 U.S.C. § 3553(a). *See United States v. Hughes,* 401 F.3d 540, 546 (4th Cir. 2005) Although *Booker* requires the court to take the guidelines into account, the guidelines are only advisory, and the Court should fashion a sentence appropriate for this defendant. In this case, the advisory guideline range fails to seriously capture the gravity of the defendant's conduct and the sentencing goals of § 3553(a).

For the reasons stated above, the government requests the Court sentence the defendant to 180 months consecutive to his current state sentence followed by the appropriate term of

supervised release to include the mandatory and standard conditions along with the special conditions listed in paragraph 90 of the PSR.

Respectfully submitted,

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By:   _s/Lamar J. Fyall_____

Date:   August 11, 2026

Lamar J. Fyall (ID# 13629)
Assistant United States Attorneys
1441 Main Street, Suite 500
Columbia, SC 29201
Tel.: (803) 929-3000
Fax: (803) 929-3135
Email: Lamar.Fyall@usdoj.gov